**Case Nos. 23-10008, 23-10536, and 23-10836**

_____

# In the
# United States Court of Appeals
# for the Fifth Circuit
_____

CHARLENE CARTER,
    *Plaintiff-Appellee/Cross-Appellant*,

v.

LOCAL 556, TRANSPORT WORKERS UNION OF AMERICA; SOUTHWEST AIRLINES CO.,
    *Defendants-Appellants/Cross-Appellees*.

CHARLENE CARTER,
    *Plaintiff-Appellee*,

v.

SOUTHWEST AIRLINES CO.
    *Defendant-Appellant*.

_____

**CARTER'S UNOPPOSED MOTION
TO EXTEND WORD LIMITS AND TIME TO FILE**

Matthew B. Gilliam
*Counsel of Record*
Milton L. Chappell
c/o National Right to Work Legal
Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
(703) 321-8510
mbg@nrtw.org

Bobby G. Pryor
Matthew D. Hill, Of Counsel
PRYOR & BRUCE
302 N. San Jacinto
Rockwall, TX 75087

David E. Watkins
JENKINS & WATKINS, P.C.
25 Highland Park Vlg., Ste. 100-359
Dallas, Texas 75205

*Counsel for Plaintiff-Appellee/Cross-Appellant Charlene Carter*

# CERTIFICATE OF INTERESTED PERSONS

**Nos. 23-10008 and 23-10536,** *Charlene Carter v. Local 556, Transport Workers Union of America; Southwest Airlines Company*

**No. 23-10836,** *Charlene Carter v. Southwest Airlines Company*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Plaintiff-Appellee/Cross-Appellant: Charlene Carter;

2. Counsel for the Plaintiff-Appellee/Cross-Appellant: Matthew B. Gilliam, Milton L. Chappell, Bobby G. Pryor, Matthew D. Hill, David E. Watkins, Pryor & Bruce, Jenkins & Watkins;

3. Defendant-Appellant/Cross-Appellee: Southwest Airlines Co.;

4. Counsel for Defendant-Appellant/Cross-Appellee Southwest Airlines Co.: Shay Dvoretzky, Parker Rider-Longmaid, Steven Marcus, Skadden, Arps, Slate, Meagher & Flom LLP, Paulo B. McKeeby, Brian Morris, Reed Smith LLP, Andrew B. Ryan, Ryan Law Partners LLP;

5. Defendant-Appellant/Cross-Appellee: Transport Workers Union of America, Local 556;

6. Counsel for Defendant-Appellant/Cross-Appellee Transport Workers Union of America, Local 556: Adam Greenfield, Cloutman &

Greenfield, P.L.L.C.

/s/ Matthew B. Gilliam
Matthew B. Gilliam

*Counsel of record for Plaintiff-Appellee/Cross-Appellant*

Case: 23-10008   Document: 143   Page: 3   Date Filed: 10/24/2023

ii

# CARTER'S UNOPPOSED MOTION
# TO EXTEND WORD LIMITS AND TIME TO FILE

Pursuant to Federal Rules of Appellate Procedure 26(b), 27(a)(1), and Fifth Circuit Rule 31.4, Plaintiff-Appellee/Cross-Appellant Charlene Carter ("Carter"), through her undersigned counsel, hereby moves for (1) a word-limit increase for her combined principal and response brief in this consolidated cross-appeals from 15,300 words to 18,200 words (an approximate 19% increase); and (2) a 16-day extension of time to November 29 to file her principal and response brief to Southwest Airlines Co.'s ("Southwest") and Transport Workers Union of America, Local 556's ("Local 556") opening briefs. Carter's counsel conferred with Southwest's and Local 556's counsel, and they are unopposed to Carter's requested word-limit increase to 18,200 words and requested extension to November 29.

**I. Carter requests the same 19% word-limit increase granted to Southwest so that she can respond to the additional arguments and issues Southwest raised with its word-limit increase.**

First, Carter requests that the Court grant her a 2,900 word-limit increase from 15,300 words (as authorized under Fed. R. App. P. 28.1 (e)(2)(B)(i)) to 18,200 words in accordance with the Court's September 1, 2023 order granting Southwest a 19% word-limit increase[1] for its opening brief, which extended Southwest's word-limit

---

[1] Carter rounded this figure down to the nearest percentage point.

1

from 13,000 to 15,500 words. Doc. 101-1; Doc. 84.[2] On October 12, Southwest filed a 15,461-word opening brief. Doc. 64 at 96 (Case 23-10836).

Having found good cause to grant Southwest's 19% word-limit increase to address arguments and issues in the consolidated cross-appeals, the Court should also grant Carter the same 19% word-limit increase to respond fully to the issues and arguments that Southwest raised with its word-limit increase. Accordingly, the Court should increase Carter's principal and response brief word-limit from 15,300 to 18,200 words.

## II. Carter requests a 16-day extension to file her principal and response brief so that she has her full 30 days under the Federal Appellate Rules to respond to Local 556's principal brief.

Second, Carter also requests a 16-day extension to file her principal and response brief from November 13, 2023 (when her principal and response brief would be due based on Southwest's October 12 filing date) to November 29, 2023, which is 30 days from the filing of Local 556's brief due on October 30. Doc. 125.

The Court may extend the time to file a brief for good cause. Fed. R. App. P. 26(b). There is good cause to grant Carter's requested 16-day extension to ensure that Carter has her full 30 days under Federal Rule of Appellate Procedure 28.1(f)(2) to respond to Local 556's opening brief, which is due on October 30, 2023.

---

[2] Unless otherwise specified, all docket citations reference the document numbers in Case 23-10008.

Local 556's October 10 motion requested an 18-day extension of the October 12 opening brief deadline to October 30. Doc. 121 at 2. The Court granted Local 556's motion and extended its deadline to October 30, but it did not extend Southwest's October 12 deadline. Doc. 125. Southwest, who did not oppose Local 556's motion, did not request a separate extension, and filed its opening brief on October 12. As a result, without the requested extension, Carter's principal and response brief would be due on November 13 based on Southwest's October 12 filing date, leaving Carter only 14 days—less than half the time authorized by Federal Rule of Appellate Procedure 28.1(f)(2)—to respond to Local 556's opening brief arguments.

Not only would granting Carter's extension allow her the full 30 days to respond to Local 556's opening brief as authorized by the Federal Appellate Rules, but it would also serve the interests of judicial economy by establishing one deadline date for each side's (appellee's and appellants') response and reply briefs going forward. The Federal Rules do not contemplate filing multiple or separate principal and response briefs. Fed. R. App. P. 28.1(c)(2) ("The appellee must file a principal brief in the cross-appeal and must, in the same brief, respond to the principal brief in the appeal."); Fed. R. App. P. 28.1(c)(2),(5) (contemplating appellee filing "a" single principal and response brief and stating, "[u]nless the court permits, no further briefs may be filed in a case involving a cross-appeal.").

Carter's request for a 16-day extension is a level 1 extension because it is a 1-to-30 day extension beyond what would be a November 13 due date for responding to Southwest's October 12 opening brief. Fifth Cir. R. App. P. 31.4.3. Carter's initial due date for filing her principal and response brief based on Southwest's October 12 opening brief is November 13, which is the first business day following the 30-day period under Fed. R. App. P. 28.1(f)(2). *See also* Fed. R. App. P. 26(a)(1)(C). Carter's request does not seek any additional time beyond the 30 days the Federal Rules already give Carter to respond to Local 556's October 30 brief. Carter has not previously sought any extensions, but the Court previously granted Southwest's unopposed motion for extension on August 21, 2023 (which extended appellants' opening brief deadline to October 12), and Local 556's opposed October 10 extension. Doc. 77; Doc. 121.

## CONCLUSION

For the foregoing reasons, the Court should grant Carter's requests for (1) a word-limit increase for her principal and response brief from 15,300 words to 18,200 words (an approximate 19% increase); and (2) a 16-day extension of time to file her principal and response brief to Southwest's and Local 556's opening briefs so she will have the full 30 days provided by the Federal Rules to respond to Local 556's opening brief.

Dated: October 24, 2023    Respectfully Submitted,

    s/ Matthew B. Gilliam
    Matthew B. Gilliam
    New York Bar No. 5005996
    Milton L. Chappell
    District of Columbia Bar No. 936153
    c/o National Right to Work Legal
     Defense Foundation, Inc.
    8001 Braddock Road, Suite 600
    Springfield, Virginia 22160
    (703) 321-8510
    mbg@nrtw.org
    mlc@nrtw.org

    Bobby G. Pryor
    State Bar No. 16373720
    bpryor@pryorandbruce.com
    Matthew D. Hill, Of Counsel
    State Bar No. 24032296
    mhill@pryorandbruce.com
    PRYOR & BRUCE
    302 N. San Jacinto
    Rockwall, TX 75087
    Telephone: (972) 771-3933
    Facsimile: (972) 771-8343

    David E. Watkins
    Texas Bar No. 20922000
    *dwatkins@jenkinswatkins.com*
    JENKINS & WATKINS, P.C.
    25 Highland Park Vlg., Ste. 100-359
    Dallas, Texas 75205
    Tel: 214-378-6675
    Fax: 214-378-6680

    *Plaintiff-Appellee/Cross-Appellant's Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2023, I electronically filed this motion with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the Court's CM/ECF filing system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

          s/ Matthew B. Gilliam
          Matthew B. Gilliam
          New York Bar No. 5005996
          c/o National Right to Work Legal
            Defense Foundation, Inc.
          8001 Braddock Road, Suite 600
          Springfield, Virginia 22160
          Tel: (703) 321-8510
          Fax: (703) 321-9319
          mbg@nrtw.org

          *Plaintiff-Appellee/Cross-Appellant's Counsel*

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 933 words, excluding the part of the response exempted by Fed. R. App. P. 32(f), as counted by Microsoft Word 2016. This motion also complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5) and (6), and Fifth Circuit Rule 32.1. It was prepared using Microsoft Word 2016, and was written in proportionally spaced 14-point Times New Roman font.

s/ Matthew B. Gilliam<br>
Matthew B. Gilliam

*Counsel for Plaintiff-Appellee/Cross-Appellant*