

# NATIONAL RIGHT TO WORK LEGAL DEFENSE FOUNDATION, INC.
8001 BRADDOCK ROAD, SUITE 600, SPRINGFIELD, VIRGINIA 22160

**MATTHEW B. GILLIAM**
*Staff Attorney*

Phone: (703) 321-8510
Fax:   (703) 321-9319

April 16, 2024

<u>VIA E-FILING</u>
Mr. Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals
For the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

    Re:    *Carter v. Local 556, Transport Workers Union of America, Southwest Airlines Co.*, No. 23-10008 consolidated with No. 23-10536; consolidated with *Carter v. Southwest Airlines Co.*, No. 23-10836: Carter Response to Southwest Federal Rule of Appellate Procedure 28(j) letter regarding *In re Highland Capital Management, L.P.*, No. 22-11036 (5th Cir. Apr. 4, 2024).

Dear Mr. Cayce:

    The Court's *Highland* decision regarding a bankruptcy court's punitive monetary sanctions does not support Southwest's arguments against the District Court's coercive civil sanctions. SWA pp.1-2. *Highland* held that a bankruptcy court abused its discretion when it ordered contemnors to pay monetary sanctions that included attorneys' fees for proceedings "relevant only to *criminal* contempt—a sanction the bankruptcy court was powerless to impose." Op. 8. This appeal has nothing to do with punitive monetary sanctions or attorneys' fees.

    *Highland* recognized that civil contempt sanctions include measures that coerce contemnors into obeying a court order, which is precisely what legal training, a commonplace coercive civil sanction, accomplishes here. Op. 6; Carter Resp. 95-99 (Doc. 173). Title VII religious-liberty training is a prophylactic measure necessary to coerce and secure Southwest attorneys' compliance with the District Court's Notice Order to notify employees of their Title VII-protected religious liberties while not undermining their freedoms from religious discrimination. Carter Resp. 95-99; SWA p.2. Unlike monetary sanctions where conditionality can factor in

because the punitive or civil character of the sanction is not self-evident, legal training is an inherently coercive sanction. Carter Resp. 96-99; SWA pp.1-2.[1]

Southwest can purge its contempt of the Notice Order by attending training. Carter Resp. 96-99; SWA pp.1-2. Southwest can avoid penalties by ensuring that, when communicating with employees in a second notice regarding their rights, it has a legal understanding of their freedoms and does not again undermine the order by conveying that its policies restrain those freedoms. *Id.*

Contrary to Southwest's assertion that it "agreed to remedy any noncompliance," Southwest has never backed down from its message to employees that it can restrict their religious liberties with its policies. SWA p.2; Carter Resp. 39-41.

The Court should affirm the District Court's Title VII religious-liberty training requirement because, unlike *Highland*'s punitive monetary sanctions, legal training is an inherently coercive sanction within a court's broad discretionary powers to coerce present and future compliance with its orders. Carter Resp. 95-99.

Sincerely,

s/ Matthew B. Gilliam
Matthew B. Gilliam
New York Bar No. 5005996
Milton L. Chappell
District of Columbia Bar No. 936153
c/o National Right to Work Legal
 Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
(703) 321-8510
mbg@nrtw.org
mlc@nrtw.org

Bobby G. Pryor
State Bar No. 16373720

---

[1] Southwest's "conditionality" and "avoiding penalties" arguments are incorrect, and were not raised in its appellate briefs. ROA.23-10836.10664-69; SWA pp.1-2.

bpryor@pryorandbruce.com
Matthew D. Hill, Of Counsel
State Bar No. 24032296
mhill@pryorandbruce.com
PRYOR & BRUCE
302 N. San Jacinto
Rockwall, TX 75087
Telephone: (972) 771-3933
Facsimile: (972) 771-8343

David E. Watkins
Texas Bar No. 20922000
*dwatkins@jenkinswatkins.com*
JENKINS & WATKINS, P.C.
25 Highland Park Vlg., Ste. 100-359
Dallas, Texas 75205
Tel: 214-378-6675
Fax: 214-378-6680

*Counsel for Plaintiff-Appellee*
*Charlene Carter*

## CERTIFICATE OF COMPLIANCE

I certify that this letter complies with the type-volume limitation of 350 words as authorized by Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 350 words, as counted by Microsoft Word 2016. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6). It was prepared using Microsoft Word 2016, and was written in proportionally spaced 14-point Times New Roman font (footnotes are 12-point).

Dated: April 16, 2024                              s/ Matthew B. Gilliam
                                                   Matthew B. Gilliam

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2024, I electronically filed this response with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the Court's CM/ECF filing system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: April 16, 2024                              s/ Matthew B. Gilliam
                                                   Matthew B. Gilliam