

**NATIONAL RIGHT TO WORK LEGAL DEFENSE FOUNDATION, INC.**
8001 BRADDOCK ROAD, SUITE 600, SPRINGFIELD, VIRGINIA 22160

**MATTHEW B. GILLIAM**
*Staff Attorney*

Phone: (703) 321-8510
Fax:    (703) 321-9319

May 24, 2024

<u>VIA E-FILING</u>
Mr. Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

> Re: *Carter v. Local 556, Transport Workers Union of America, Southwest Airlines Co.*, No. 23-10008 consolidated with No. 23-10536; consolidated with *Carter v. Southwest Airlines Co.*, No. 23-10836: Federal Rule of Appellate Procedure 28(j) letter regarding *Harris v. FedEx Corp. Servs., Inc.*, 92 F.4th 286 (5th Cir. 2024).

Dear Mr. Cayce:

    Responding to Southwest's arguments that Carter waived her reliance on indirect evidence and the jury must apply the *McDonnell Douglas* paradigm, Carter argued that she never waived indirect evidence, citing the District Court's instructions allowing the *jury* to infer that her religious beliefs motivated Southwest's termination decision. Carter 50-51; ROA.23-10836.8507-08; SWA 67-68.

    *Harris* reaffirms that, at trial, it is the jury's province to make inferences of causation based on indirect evidence: "[T]he jury only consider[s] 'the ultimate question of whether [the employer] took the adverse employment action against [the employee] because of her protected status." 92 F.4th at 297, 297 n.8 (citations omitted). *Harris* also found that "[t]he District court, correctly, d[oes] not frame the jury instructions 'based upon the intricacies of the *McDonnell Douglas* burden shifting analysis.'" *Id*. "'[T]he *McDonnell Douglas* formula … is applicable only in a directed verdict or summary judgment situation and is not the proper vehicle for evaluating a case that has been fully tried on the merits.'" *Id*. at 297 (citation omitted). "'[P]ost-trial, the [*McDonnell Douglas*] framework becomes moot[.]" *Id*. (citations omitted).

1

This Court does not "'parse the evidence into discrete segments corresponding to a prima facie case, an articulation of a legitimate, nondiscriminatory reason for the employer's decision, and a showing of pretext.'" *Id.* (citations omitted). While *one way* to show pretext is with comparator evidence that similarly situated employees were treated more favorably, *other evidence* can also support a jury's causation inferences. *Id.* at 297-98; SWA 59, 66-68.

This Court recognized it cannot reject the jury's view of the evidence and "wade into … weighing the evidence, and drawing inferences." *Id.* at 298. The Court only determines whether there was sufficient evidence to support the jury's decision that religious beliefs were a motivating factor for the employer's decision. *Id.*; Carter 43-44, 47-51.

Direct evidence supports the jury's decision that Southwest fired Carter because of her religious beliefs. That alone is enough for this Court to affirm the jury's decision. As *Harris* holds, the jury was also permitted to make inferences based on Carter's indirect evidence. Carter 43-44, 47-51.

Sincerely,

s/ Matthew B. Gilliam
Matthew B. Gilliam
New York Bar No. 5005996
Milton L. Chappell
District of Columbia Bar No. 936153
c/o National Right to Work Legal
 Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
(703) 321-8510
mbg@nrtw.org
mlc@nrtw.org

Bobby G. Pryor
State Bar No. 16373720
bpryor@pryorandbruce.com
Matthew D. Hill, Of Counsel
State Bar No. 24032296

mhill@pryorandbruce.com
PRYOR & BRUCE
302 N. San Jacinto
Rockwall, TX 75087
Telephone: (972) 771-3933
Facsimile: (972) 771-8343

David E. Watkins
Texas Bar No. 20922000
*dwatkins@jenkinswatkins.com*
JENKINS & WATKINS, P.C.
25 Highland Park Vlg., Ste. 100-359
Dallas, Texas 75205
Tel: 214-378-6675
Fax: 214-378-6680

*Counsel for Plaintiff-Appellee
Charlene Carter*

## CERTIFICATE OF COMPLIANCE

I certify that this letter complies with the type-volume limitation of 350 words as authorized by Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 350 words, as counted by Microsoft Word 2016. This letter also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6). It was prepared using Microsoft Word 2016, and was written in proportionally spaced 14-point Times New Roman font (footnotes are 12-point).

Dated: May 24, 2024                                        s/ Matthew B. Gilliam
                                                                                     Matthew B. Gilliam

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2024, I electronically filed this letter with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the Court's CM/ECF filing system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: May 24, 2024                                        s/ Matthew B. Gilliam
                                                                                     Matthew B. Gilliam