

**NATIONAL RIGHT TO WORK LEGAL DEFENSE FOUNDATION, INC.**
8001 BRADDOCK ROAD, SUITE 600, SPRINGFIELD, VIRGINIA 22160

---

**MATTHEW B. GILLIAM**
*Staff Attorney*

Phone: (703) 321-8510
Fax:   (703) 321-9319

May 29, 2024

<u>VIA E-FILING</u>
Mr. Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

>   Re:   *Carter v. Local 556, Transport Workers Union of America, Southwest Airlines Co.*, No. 23-10008 consolidated with No. 23-10536; consolidated with *Carter v. Southwest Airlines Co.*, No. 23-10836: Federal Rule of Appellate Procedure 28(j) letter regarding *Harris v. FedEx Corp. Servs., Inc.*, 92 F.4th 286 (5th Cir. 2024).

Dear Mr. Cayce:

Carter files this opening 28(j) letter to inform the Court that *Harris* supports her Response Brief ("Carter Br. ___")(Doc. 173) arguments refuting Southwest's claims that Carter waived her reliance on indirect evidence and the jury must apply the *McDonnell Douglas* paradigm. Southwest Opening Brief ("SWA Br. ___") 67-68 (Doc. 126). *Harris* supports Carter's Response Brief argument that she never waived indirect evidence and her citation to District Court instructions allowing the *jury* to infer that her religious beliefs motivated Southwest's termination decision. Carter Br. 50-51 (citing ROA.23-10836.8507-08).

*Harris* reaffirms that, at trial, it is the jury's province to make inferences of causation based on indirect evidence: "[T]he jury only consider[s] 'the ultimate question of whether [the employer] took the adverse employment action against [the employee] because of her protected status." 92 F.4th at 297, 297 n.8 (citations omitted). *Harris* found "[t]he District court, correctly, d[oes] not frame the jury instructions 'based upon the intricacies of the *McDonnell Douglas* burden shifting analysis.'" *Id*. "'[T]he *McDonnell Douglas* formula … is applicable only in a directed verdict or summary judgment situation and is not the proper vehicle for evaluating a case that has been fully tried on the merits.'" *Id*. at 297 (citation

omitted). "'[P]ost-trial, the [*McDonnell Douglas*] framework becomes moot[.]" *Id.* (citations omitted).

This Court does not "'parse the evidence into discrete segments corresponding to a prima facie case, an articulation of a legitimate, nondiscriminatory reason for the employer's decision, and a showing of pretext.'" *Id.* (citations omitted). While *one way* to show pretext is with comparator evidence that similarly situated employees were treated more favorably, *other evidence* can also support a jury's causation inferences. *Id.* at 297-98; SWA Br. 59, 66-68.

Carter's direct evidence alone supports the jury's decision that Southwest fired Carter because of her religious beliefs. As *Harris* holds, the jury was also permitted to make inferences based on Carter's indirect evidence, and the Court cannot reject the jury's view of the evidence and "wade into … weighing the evidence, and drawing inferences." 92 F.4th at 298; Carter Br. 43-44, 47-51.

                                            Sincerely,

                                            s/ Matthew B. Gilliam
                                            Matthew B. Gilliam
                                            New York Bar No. 5005996
                                            Milton L. Chappell
                                            District of Columbia Bar No. 936153
                                            c/o National Right to Work Legal
                                             Defense Foundation, Inc.
                                            8001 Braddock Road, Suite 600
                                            Springfield, Virginia 22160
                                            (703) 321-8510
                                            mbg@nrtw.org
                                            mlc@nrtw.org

                                            Bobby G. Pryor
                                            State Bar No. 16373720
                                            bpryor@pryorandbruce.com
                                            Matthew D. Hill, Of Counsel
                                            State Bar No. 24032296
                                            mhill@pryorandbruce.com
                                            PRYOR & BRUCE

302 N. San Jacinto
Rockwall, TX 75087
Telephone: (972) 771-3933
Facsimile: (972) 771-8343

David E. Watkins
Texas Bar No. 20922000
*dwatkins@jenkinswatkins.com*
JENKINS & WATKINS, P.C.
25 Highland Park Vlg., Ste. 100-359
Dallas, Texas 75205
Tel: 214-378-6675
Fax: 214-378-6680

*Counsel for Plaintiff-Appellee*
*Charlene Carter*

**CERTIFICATE OF COMPLIANCE**

I certify that this letter complies with the type-volume limitation of 350 words as authorized by Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 346 words, as counted by Microsoft Word 2016. This letter also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6). It was prepared using Microsoft Word 2016, and was written in proportionally spaced 14-point Times New Roman font.

Dated: May 29, 2024                    s/ Matthew B. Gilliam
                                       Matthew B. Gilliam


**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2024, I electronically filed this letter with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the Court's CM/ECF filing system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: May 29, 2024                    s/ Matthew B. Gilliam
                                       Matthew B. Gilliam