SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.
WASHINGTON, D.C. 20005-2111
———
TEL: (202) 371-7000
FAX: (202) 393-5760
www.skadden.com

DIRECT DIAL
(202) 371-7370
DIRECT FAX
(202) 661-2370
EMAIL ADDRESS
SHAY.DVORETZKY@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

May 29, 2024

Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA 70130

    RE:    *Carter v. Local 556 et al.*; *Carter v. Southwest Airlines*, Case Nos. 23-10008, 23-10536, and 23-10836 (5th Cir.): Response to Carter's Federal Rule of Appellate Procedure 28(j) letter regarding *Harris v. FedEx Corporate Services, Inc.*, 92 F.4th 286 (5th Cir. 2024)

Dear Mr. Cayce:

Carter's letter misstates the law and tries to distract from her failure to present sufficient evidence of belief-based discrimination. Contrary to Carter's argument, *Harris* reaffirms that the verdict should be reversed.

Carter observes that *Harris* states that "the [*McDonnell Douglas*] framework becomes moot" after a jury trial. 92 F.4th at 297 (citing *Bryant v. Compass Group USA*, 413 F.3d 471, 476 (5th Cir. 2005)). But that statement refers to the burden-shifting "ritual," *Bryant*, 413 F.3d at 476, of "pars[ing] the evidence into discrete segments corresponding to a prima facie case, an articulation of a legitimate, nondiscriminatory reason for the employer's decision, and a showing of pretext," *Harris*, 92 F.4th at 297 (quoting *Bryant*, 413 F.3d at 476). After trial, the Court still "inquire[s] whether the record contains sufficient evidence to support the jury's ultimate findings." *Bryant*, 413 F.3d at 476; *accord Harris*, 92 F.4th at 297. As this Court interprets *McDonnell Douglas*,

1

as a matter of *sufficiency*, a plaintiff who relies on indirect evidence must show a comparator—a similarly situated individual treated more favorably. Southwest Br. 51-53; *Alkhawaldeh v. Dow Chemical Co.*, 851 F.3d 422, 426 (5th Cir. 2017); *see also Tinsley v. City of Charlotte*, 854 F. App'x 495, 500 (4th Cir. 2021); *González-Bermúdez v. Abbott Laboratories P.R.*, 990 F.3d 37, 44 (1st Cir. 2021) (insufficient evidence of discrimination "because of" age where plaintiff failed to present comparator evidence at trial).

Carter produced no evidence of a comparator, or any other indirect evidence of discrimination. Instead, she repeatedly waived any theory or defense of the verdict based on indirect evidence. Southwest Br. 50-51. Her letter only confirms she has none.

Waiver aside, Carter hasn't pointed to evidence that can sustain the verdict. She has no comparators, unlike *Harris* (92 F.4th at 297-98). There are no comments indicating discrimination—and stray comments aren't enough anyway. *Wallace v. Methodist Hospital System*, 271 F.3d 212, 222-26 (5th Cir. 2001). She has nothing to suggest that Southwest fired her for any reason other than failing to comply with facially neutral policies. Carter's belief-based-discrimination verdict cannot stand, because it rests on insufficient evidence.

Respectfully,

Shay Dvoretzky

*Counsel for Defendant-Appellant/
Cross-Appellee Southwest Airlines Co.*

2

## CERTIFICATE OF COMPLIANCE

  I hereby certify that (1) this letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because, as calculated by Microsoft Word, the body of the letter contains 350 words, and (2) this letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Book Antiqua font.

Dated: May 29, 2024　　　　　　　　　　　*/s/ Shay Dvoretzky*

                  Shay Dvoretzky

## CERTIFICATE OF SERVICE

  I hereby certify that on May 29, 2024, I electronically filed the foregoing document with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: May 29, 2024　　　　　　　　　　　*/s/ Shay Dvoretzky*

                  Shay Dvoretzky