# NATIONAL RIGHT TO WORK LEGAL DEFENSE FOUNDATION, INC.
8001 BRADDOCK ROAD, SUITE 600, SPRINGFIELD, VIRGINIA 22160

**MATTHEW B. GILLIAM**
*Staff Attorney*

Phone: (703) 321-8510
Fax:   (703) 321-9319

November 4, 2024

**VIA E-FILING**
Mr. Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

> Re:  *Carter v. Local 556, Transport Workers Union of America, Southwest Airlines Co.*, No. 23-10008 consolidated with No. 23-10536; consolidated with *Carter v. Southwest Airlines Co.*, No. 23-10836: Carter Response to Southwest Federal Rule of Appellate Procedure 28(j) letter regarding *Southwest Airlines Pilots Ass'n v. Southwest Airlines Co. ("SWAPA")*, No. 23-11065, 2024 WL 4588782 (5th Cir. Oct. 28, 2024).

Dear Mr. Cayce:

*SWAPA* confirms that Southwest reads the animus exception too narrowly—the RLA did not require Carter, a non-union member, to allege or show "*anti-union animus*" to meet the animus exception. Op. 15, 17; Carter Resp. 49-53, 66-71; Carter Reply 1-19. Following precedent Carter cited, *SWAPA* framed the animus exception broadly: "The animus exception encompasses … *attempts to punish employees for their union associations*." Op. 15 (citations omitted) (emphasis added); Op. 17 & n.6 (referencing the "animus exception"); Carter Resp. 49-51, 68 (showing this Court defined animus to mean that an "*employee's protected conduct*" is a substantial or motivating factor for discipline).

*SWAPA*'s broadly-framed "*animus exception*" affirms that non-union members opposing a certified union's representation also have enforceable RLA-protected associational rights post-certification. Negating those rights with anti-union animus restrictions is nonsensical, violates the RLA's text, undermines Congress's exclusive representation scheme, and raises constitutional questions. Carter Resp. 68-69; Carter Reply 14-19.

1

Contrary to Southwest's characterizations, Carter's *retaliation claim* proceeded beyond dismissal because she alleged animus. Carter Resp. 51. The jury found Carter proved animus by showing that Southwest's termination decision was motivated by Carter's RLA-protected activities (not "hostile conduct" or harassment) directed to the union and its president (in her official capacity) about exclusively union matters. Carter Resp. 56-57; Carter Reply 19-22.[1]

*SWAPA* confirms that Carter's *interference claim* (which the District Court mistakenly dismissed) falls squarely within the animus exception, which "'is rooted in Section 2 of the RLA['s] [prohibition] … that no carrier 'shall in any way interfere with influence, or coerce' the employees in their 'choice of representatives.'" Op. 15 (citations omitted); Carter Resp. 68; Carter Reply 11-12. As with *SWAPA*, the contractual dispute resolution scheme could not reach Carter's RLA claims (especially since the employer *and* union violated her rights), and the arbitrator in Carter's separate just cause proceeding refused to address them. Op. 8; Carter Resp. 69-71.

*SWAPA* supports affirming the jury's verdict on Carter's retaliation claim and reversing the dismissal of Carter's interference claim.

                                                                              Sincerely,

                                                                s/ Matthew B. Gilliam
                                                                Matthew B. Gilliam
                                                                New York Bar No. 5005996
                                                                Milton L. Chappell
                                                                District of Columbia Bar No. 936153
                                                                c/o National Right to Work Legal
                                                                  Defense Foundation, Inc.
                                                                8001 Braddock Road, Suite 600
                                                                Springfield, Virginia 22160
                                                                (703) 321-8510
                                                                mbg@nrtw.org
                                                                mlc@nrtw.org

---

[1] Southwest waived anti-union animus objections to the jury's decision of Carter's retaliation claim. Carter Resp. 50, 53.

Bobby G. Pryor
State Bar No. 16373720
bpryor@pryorandbruce.com
Matthew D. Hill, Of Counsel
State Bar No. 24032296
mhill@pryorandbruce.com
PRYOR & BRUCE
302 N. San Jacinto
Rockwall, TX 75087
Telephone: (972) 771-3933
Facsimile: (972) 771-8343

*Counsel for Plaintiff-Appellee
Charlene Carter*

# CERTIFICATE OF COMPLIANCE

I certify that this letter complies with the type-volume limitation of 350 words as authorized by Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 348 words, as counted by Microsoft Word 2016. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6). It was prepared using Microsoft Word 2016, and was written in proportionally spaced 14-point Times New Roman font (footnotes are 12-point).

Dated: November 4, 2024             s/ Matthew B. Gilliam  
                                                                 Matthew B. Gilliam

# CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2024, I electronically filed this response with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the Court's CM/ECF filing system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: November 4, 2024             s/ Matthew B. Gilliam  
                                                                 Matthew B. Gilliam