

**NATIONAL RIGHT TO WORK LEGAL DEFENSE FOUNDATION, INC.**
8001 BRADDOCK ROAD, SUITE 600, SPRINGFIELD, VIRGINIA 22160

**MATTHEW B. GILLIAM**　　　　　　　　　　　　　　　　　Phone: (703) 321-8510
*Staff Attorney*　　　　　　　　　　　　　　　　　　　　　Fax:　 (703) 321-9319

March 12, 2025

<u>**VIA E-FILING**</u>
Mr. Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

　　Re:　*Carter v. Local 556, et al.; Carter v. Southwest Airlines Co.*, Case Nos. 23-10008, 23-10536, and 23-10836: Carter Response to Southwest Federal Rule of Appellate Procedure 28(j) letter regarding the Supreme Court's denial of petition for a writ of certiorari in *Snyder v. Arconic Corp.*, No. 24-733, to review *Snyder v. Arconic Corp.*, No. 23-3188, 2024 WL 3813173 (8th Cir. Aug. 14, 2024) (per curiam) ("*Snyder*").

Dear Mr. Cayce:

　　Notwithstanding Southwest's attempt to transform *Snyder* into a broad-sweeping legal rule, the Eighth Circuit merely concluded that there was no evidence *in that case* that Arconic fired Snyder under its policies for possessing the religious beliefs reflected in his post or for conduct "motivated by, or a part of, his religious beliefs." Op. 4-5 & n.2.[1]

　　Here Carter presented evidence to the jury proving that Southwest fired her for possessing pro-life Christian religious beliefs, including her religious belief in showing that abortion is the taking of human life contrary to God's will, *and* for conduct "motivated by" and "a part of" her religious beliefs. Op. 4-5 & n.2; Carter

---

[1]　Southwest's characterizations of *Snyder*'s rulings with respect to neutral company policies are foreclosed because they conflict with binding Supreme Court and Fifth Circuit precedent in *Abercrombie*, *Bostock*, and *Hebrew*, which prohibits employers from making religious belief a factor in any termination decision, and from asserting "otherwise neutral policies" as a legitimate nondiscriminatory basis for firing an employee when those policies are actually a *discriminatory* basis for firing someone because of their religious beliefs. Carter Br. 27-28, 30, 34-36.

1

Br. 6, 27-31, 34-36. Carter showed that the evidence supports a jury conclusion that Southwest used its policies to target Carter because of its hostility to the pro-life religious beliefs she held and voiced in her fact-finding meeting and in the content of her communications, which Southwest called "highly offensive in nature." Carter Br. 28-31.

Southwest's decision-maker testified that the investigation evidence demonstrated to him that Carter was exercising her religious beliefs in sending the videos and messages for which Southwest fired her under its policies. Carter Br. 29-30 & n.113.

The record here is replete with evidence supporting the jury's verdict and the facts that were missing in *Snyder*. Carter Br. 27-31, 34-36. *Snyder*'s factual distinctions do not make a circuit-split. This Court should affirm the jury's verdict on Carter's religious discrimination claims.[2]

                                    Sincerely,

                                    s/ Matthew B. Gilliam
                                    Matthew B. Gilliam
                                    New York Bar No. 5005996
                                    Milton L. Chappell
                                    District of Columbia Bar No. 936153
                                    c/o National Right to Work Legal
                                     Defense Foundation, Inc.
                                    8001 Braddock Road, Suite 600
                                    Springfield, Virginia 22160
                                    (703) 321-8510
                                    mbg@nrtw.org
                                    mlc@nrtw.org

                                    Bobby G. Pryor
                                    State Bar No. 16373720
                                    bpryor@pryorandbruce.com
                                    Matthew D. Hill, Of Counsel

---

[2] Southwest does not contest the evidence that it fired Carter for her religious practices and observances. Carter Br. 27-31, 34-37.

State Bar No. 24032296
mhill@pryorandbruce.com
PRYOR & BRUCE
302 N. San Jacinto
Rockwall, TX 75087
Telephone: (972) 771-3933
Facsimile: (972) 771-8343

*Counsel for Plaintiff-Appellee
Charlene Carter*

# CERTIFICATE OF COMPLIANCE

I certify that this letter complies with the type-volume limitation of 350 words as authorized by Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 345 words, as counted by Microsoft Word 2016. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6). It was prepared using Microsoft Word 2016, and was written in proportionally spaced 14-point Times New Roman font (footnotes are 12-point).

Dated: March 12, 2025　　　　　　　　　　　s/ Matthew B. Gilliam
　　　　　　　　　　　　　　　　　　　　　Matthew B. Gilliam

# CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2025, I electronically filed this response with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the Court's CM/ECF filing system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: March 12, 2025　　　　　　　　　　　s/ Matthew B. Gilliam
　　　　　　　　　　　　　　　　　　　　　Matthew B. Gilliam