**Case Nos. 23-10008, 23-10536, and 23-10836**

---

# In the
# United States Court of Appeals
# for the Fifth Circuit

---

CHARLENE CARTER,
    *Plaintiff-Appellee/Cross-Appellant*,

v.

LOCAL 556, TRANSPORT WORKERS UNION OF AMERICA;
SOUTHWEST AIRLINES CO.,
    *Defendants-Appellants/Cross-Appellees*.

CHARLENE CARTER,
    *Plaintiff-Appellee*,

v.

SOUTHWEST AIRLINES CO.
    *Defendant-Appellant*.

---

On Appeal from the United States District Court for the
Northern District of Texas, Case No. 3:17-cv-02278-X,
Hon. Brantley Starr, *United States District Judge*

---

**CARTER'S OPPOSED MOTION TO REMAND THE ISSUE OF APPELLATE ATTORNEYS' FEES TO THE DISTRICT COURT, OR, IN THE ALTERNATIVE, SET A DATE FOR FILING AN APPELLATE ATTORNEYS' FEES PETITION**

| | |
|---|---|
| Matthew B. Gilliam | Bobby G. Pryor |
| *Counsel of Record* | Matthew D. Hill, Of Counsel |
| Milton L. Chappell | PRYOR & BRUCE |
| c/o National Right to Work Legal | 302 N. San Jacinto |
| Defense Foundation, Inc. | Rockwall, TX 75087 |
| 8001 Braddock Road, Suite 600 | |
| Springfield, Virginia 22160 | |
| (703) 321-8510 | |
| mbg@nrtw.org | |
| mlc@nrtw.org | |

*Counsel for Plaintiff-Appellee/Cross-Appellant Charlene Carter*

# CERTIFICATE OF INTERESTED PERSONS

**Nos. 23-10008 and 23-10536,** *Charlene Carter v. Local 556, Transport Workers Union of America; Southwest Airlines Company*

**No. 23-10836,** *Charlene Carter v. Southwest Airlines Company*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Plaintiff-Appellee/Cross-Appellant: Charlene Carter;

2. Counsel for the Plaintiff-Appellee/Cross-Appellant: Matthew B. Gilliam, Milton L. Chappell, Bobby G. Pryor, Matthew D. Hill, Pryor & Bruce;

3. Defendant-Appellant/Cross-Appellee: Southwest Airlines Co.;

4. Counsel for Defendant-Appellant/Cross-Appellee Southwest Airlines Co.: Shay Dvoretzky, Parker Rider-Longmaid, Steven Marcus, Skadden, Arps, Slate, Meagher & Flom LLP, Paulo B. McKeeby, Brian Morris, Reed Smith LLP, Andrew B. Ryan, Ryan Law Partners LLP;

5. Defendant-Appellant/Cross-Appellee: Transport Workers Union of America, Local 556;

6. Counsel for Defendant-Appellant/Cross-Appellee Transport Workers Union of America, Local 556: Adam Greenfield, Cloutman & Greenfield, P.L.L.C.

s/ Matthew B. Gilliam
Matthew B. Gilliam

*Counsel of record for Plaintiff-Appellee/Cross-Appellant Charlene Carter*

# CARTER'S OPPOSED MOTION TO REMAND THE ISSUE OF APPELLATE ATTORNEYS' FEES TO THE DISTRICT COURT, OR, IN THE ALTERNATIVE, SET A DATE FOR FILING AN APPELLATE ATTORNEYS' FEES PETITION

Pursuant to Fifth Circuit Rule 47.8, Plaintiff-Appellee Charlene Carter ("Carter"), through her undersigned counsel, requests that this Court remand the issue of appellate attorneys' fees, or, in the alternative, set a date for filing an appellate attorneys' fees petition. 5th Cir. R. 47.8.[1] Carter's counsel conferred with counsel for Defendant-Appellant Southwest Airlines Company ("Southwest"), and Southwest will file an opposition to this motion. Carter's counsel also conferred with counsel for Defendant-Appellant Transport Workers Union of America, Local 556 ("Local 556"). Local 556 opposes and intends to file an opposition to this motion.

## BACKGROUND

On July 14, 2022, a unanimous jury found that both Southwest and Local 556 discriminated against Carter's religious beliefs and practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). *Carter v. Transport Workers Union of America, Local 556*, 644 F. Supp. 3d 315, 322 (N.D. Tex. 2022). On December 5, 2022, the United States District Court for the Northern District of Texas entered judgment in Carter's favor and ordered her to "file a motion

---

[1] Carter is filing this motion now to ensure that her right to seek appellate attorneys' fees is not prejudiced, but Carter does not oppose the Court delaying its disposition of this issue or any actual remand pending resolution of any rehearing or certiorari petitions.

for attorney's fees and a separate bill of costs" under Federal Rule of Civil Procedure 54(d). *Id.* at 321-22. On December 19, 2022, Carter timely filed a motion for attorneys' fees and bill of costs in the district court. Dist. Ct. Doc. Nos. 376-379. Both Southwest and Local 556 appealed. On February 4, 2025, the district court denied without prejudice both of Carter's then-pending attorneys' fees motions. Dist. Ct. Doc. No. 493.[2] The district court also ruled that it would set another deadline to refile the fee motions if this Court affirmed the district court's judgment. *Id.*

On May 8, 2025, this Court affirmed all of Carter's Title VII claims against Local 556 and her Title VII practice-based claims against Southwest. *Carter v. Local 556, Transport Workers Union*, Nos. 23-10008, 23-10536, 23-10836, slip op. at 2, 23, 33, 40, 63 (5th Cir. May 8, 2025).

## DISCUSSION

Having affirmed Carter's multiple Title VII religious-discrimination claims against Southwest and Local 556, this Court should remand the issue of attorneys' fees for the district court to consider as part of the fee motions to be filed when it sets a deadline in accordance with its February 5, 2025 order (Dist. Ct. Doc. No. 493). Title VII allows prevailing parties, like Carter, to recover "a reasonable

---

[2] Carter filed a motion for contempt-related attorneys' fees on August 21, 2023, pursuant to the district court's August 7, 2023 order awarding sanctions. Dist. Ct. Doc. No. 467 at 4 n.5, 14, 29; Dist. Ct. Doc. No. 475. Southwest voluntarily agreed to pay Carter's contempt-related attorneys' fees. Doc. No. 63 at 8.

2

attorney's fee" subject to the courts' discretion. 42 U.S.C. § 2000e-5(k). This includes attorney fees incurred on appeal. *Marks v. Prattco, Inc.*, 633 F.2d 1122, 1125-26 (5th Cir. 1981).

"[F]ollowing the resolution of the underlying appeal," prevailing parties may "move[] or petition[] this [C]ourt to remand the issue of appellate attorney's fees for the district court to consider." *Roberts v. Brinkerhoff Inspection, Inc.*, 855 F. App'x 222, 223 (5th Cir. 2021). This Court's "preferred procedure is to remand for the determination of the amount of [appellate attorneys' fees]." *Marston v. Red River Levee & Drainage Dist.*, 632 F.2d 466, 468 (5th Cir. 1980). *See also Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003) ("The issue of appellate attorney's fees is a matter for the district court following the resolution of an appeal.").

Federal Rule of Civil Procedure 54(d)(2) states that, unless a court order provides otherwise, parties may file for appellate attorneys' fees within 14 days of the entry of the final judgment at the district court. When a prevailing party timely files a Rule 54(d)(2) motion for attorneys' fees with the district court, the district court will calculate the attorneys' fees on remand, after the conclusion of the appeal. *Instone*, 334 F.3d at 433. The district court's February 5, 2025 order provided that it will set a deadline for Carter to re-file her fee petitions after the appeal's resolution. Dist. Ct. Doc. No. 493. Accordingly, this Court should remand the issue of appellate

3

attorneys' fees for the district court's consideration as part of the fee petitions to be filed in accordance with the district court's February 5, 2025 order. *See also* Fed. R. Civ. P. 54 advisory committee's notes to 1993 amendment ("A new period for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court.").

Alternatively, this Court could exercise its discretion to resolve the issue of appellate attorneys' fees itself. Fifth Circuit Rule 47.8 allows prevailing parties to petition this Court for attorneys' fees. 5th Cir. R. 47.8.1. *See Zimmerman v. City of Austin*, 969 F.3d 564, 571 (5th Cir. 2020). This rule does not set a timeframe for when a prevailing party can file a petition. 5th Cir. R. 47.8. If this Court prefers to decide the issue of Carter's appellate attorneys' fees, it should grant Carter's alternative request and set a date for her to file a petition for attorneys' fees.

## CONCLUSION

Because this Court's preferred procedure is for the district court to determine the award of appellate attorneys' fees, this Court should remand the issue of appellate attorneys' fees to the district court for further proceedings as contemplated in its February 5, 2025 order. If this Court prefers to resolve the issue of appellate attorneys' fees, Carter requests that this Court set a date for her to file an attorneys' fees petition in accordance with Fifth Circuit Rule 47.8.

Dated: May 22, 2025                                    Respectfully Submitted,

s/ Matthew B. Gilliam
Matthew B. Gilliam
New York Bar No. 5005996
Milton L. Chappell
District of Columbia Bar No. 936153
c/o National Right to Work Legal
  Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
(703) 321-8510
mbg@nrtw.org
mlc@nrtw.org

Bobby G. Pryor
State Bar No. 16373720
bpryor@pryorandbruce.com
Matthew D. Hill, Of Counsel
State Bar No. 24032296
mhill@pryorandbruce.com
PRYOR & BRUCE
302 N. San Jacinto
Rockwall, TX 75087
Telephone: (972) 771-3933
Facsimile: (972) 771-8343

*Counsel for Plaintiff-Appellee/
Cross-Appellant Charlene Carter*

# CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2025, I filed this motion with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the Court's CM/ECF filing system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

    s/ Matthew B. Gilliam
Matthew B. Gilliam
New York Bar No. 5005996
c/o National Right to Work Legal
   Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: (703) 321-8510
Fax: (703) 321-9319
mbg@nrtw.org

*Counsel for Plaintiff-Appellee/
Cross-Appellant Charlene Carter*

# CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 1,016 words, excluding the part of the motion exempted by Fed. R. App. P. 32(f), as counted by Microsoft Word 2016. This motion also complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5) and (6), and Fifth Circuit Rule 32.1. It was prepared using Microsoft Word 2016, and was written in proportionally spaced 14-point Times New Roman font with footnotes in proportionally spaced 12-point Times New Roman font.

                                           s/ Matthew B. Gilliam
                                           Matthew B. Gilliam

                                           *Counsel for Plaintiff-Appellee/*
                                           *Cross-Appellant Charlene Carter*